IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ACCESS INSURANCE COMPANY,  :
:
        Plaintiff,  :   CIVIL ACTION
:
v.  :   NO. 11-2919
:
MARIA LOPEZ CARPIO,  :
:
        Defendant.  :

April __, 2012                                                                        Anita B. Brody, J.

## MEMORANDUM

On July 19, 2008, Defendant Maria Lopez Carpio's car was involved in an accident with another car in which Chantel Wagman was a passenger.[1] At the time of the accident, Carpio had a private motor vehicle insurance policy issued by Plaintiff Access Insurance Company ("Access"). As a result of the accident, Chantel Wagman filed suit against Carpio in the Camden County Superior Court of New Jersey ("Wagman Litigation"). *See Wagman v. Carpio, et al.* (Civil Action No. L-3436-10). Access denies liability for any damages incurred by Carpio as a result of the accident because Carpio's car was not covered by the policy. However, Access has provided Carpio with a defense in the Wagman Litigation under a reservation of rights.[2] Access

---

[1] The facts in this section are taken from the complaint.

[2] An insurer's offer to defend an insured under a reservation of rights "is made at least as much for the insurer's own benefit as for the insured's." *Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1220 (3d Cir. 1989). Uncertain as to whether it will owe a duty to indemnify, an insurer offers a duty to defend under a reservation of rights "to avoid the risks that an inept or lackadaisical defense of the underlying action may expose it to . . . a duty to indemnify." *Id.* at 1219. At the same time, a defense under a reservation of rights enables an

has filed a complaint for declaratory judgment against Carpio seeking a judicial determination that it has no duty to defend or indemnify Carpio in the Wagman Litigation or in any future litigation related to the accident. Wagman is not a party to this action, and Carpio has failed to enter an appearance. Currently pending before me is Access's motion to enter a default judgment. I am dismissing this case without ruling on Access's motion.

The Declaratory Judgment Act provides that in a case of actual controversy, a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he jurisdiction conferred by the Act [is] discretionary, and district courts [are] under no compulsion to exercise it." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Third Circuit has explained:

> In insurance cases, as in declaratory judgments in general, although both justiciability and federal jurisdiction are present, the court in a proper case may, nevertheless, refuse to proceed with the declaratory action for it is well settled that the exercise of jurisdiction in this area is discretionary. . . . And frequent, attempted abuses of the declaratory action in this area make the exercise of judicial discretion particularly important.

*Terra Nova Ins. Co. Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989) (internal quotation marks omitted). "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*,

---

insurer "to preserve its right to contest the duty to indemnify if the defense is unsuccessful." *Id.* at 1219-20.

234 F.3d at 136. Therefore,

> [i]t follows that the state's interest in resolving its own law must not be given short shrift simply because one party... perceive[s] some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to federal courts. Unusual circumstances may occasionally justify such action but declaratory judgments in such cases should be rare.

*Id.*

Access asks that I determine issues of purely state law without the benefit of hearing from the alleged injured individual, Wagman, who would likely be the most affected by the grant of declaratory relief. The issues that Access asks me to consider are greatly influenced and impacted by the underlying state court tort action. Given that all of the parties are not present in this action and that it would be more efficient to have these state court issues addressed by the state court already considering related matters and, based on considerations of practicality and wise judicial administration, I decline to exercise jurisdiction over this declaratory judgment action.

Moreover, I am uncertain that this case is justiciable. Access represents, in both its complaint and motion for entry of default judgment, that the Wagman Litigation is currently pending. However, it appears from the docket sheet of the Wagman Litigation that the case was disposed of on March 4, 2011.[3] When Access filed this action on May 2, 2011 the case had been closed for nearly two months. Additionally, the docket sheet indicates that the Wagman Litigation was dismissed without prejudice to any party and no judgment was entered.

---

[3] The Court takes judicial notice of the docket sheet in *Wagman v. Carpio, et al.* (Civil Action No. L-3436-10). For the convenience of the parties, it has been appended to this Explanation and Order.

3

Article III of the Constitution limits the "judicial Power" of the federal courts to the resolution of "Cases" or "Controversies." U.S. Const. art. III, § 2. "Courts enforce the case-or-controversy requirement through several justiciability doctrines that . . . include standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (citations omitted). "The availability of declaratory relief depends on whether there is a live dispute between the parties." *Powell v. McCormack*, 395 U.S. 486, 517-18 (1969). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. The court's ability to grant effective relief lies at the heart of the mootness doctrine." *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003) (citations omitted) (internal quotation marks omitted).

The docket sheet for the Wagman Litigation reflects that no judgment was entered in favor of any party. To the extent Access seeks a declaration that it does not have to indemnify Carpio for any damages she owes as a result of the Wagman Litigation this issue is moot because there is no live case-or-controversy. Furthermore, Access's request for a declaration that it has no duty to defend Carpio is moot because it has already provided Carpio with a defense in the Wagman Litigation under a reservation of rights. As explained by the Third Circuit, an insurer's claim for a declaration that it has no duty to defend will be moot if it provides a defense under a reservation of rights to its insured and it is later determined that the insured did not owe a duty to defend to the insurer. *Terra Nova*, 887 F.2d 1219-20. This is because an insurer is not entitled

4

to recover any costs that is has expended in defending an insured under a reservation of rights.[4] *Id.* at 1220. Without a remedy there is no right to relief. Therefore, Access has "no need for, and no right to, the declaratory relief it seeks in district court," *id.*, because the Wagman Litigation has already concluded.

Access also seeks a declaration that is has no duty to defend or indemnify Carpio in any future litigation related to the accident. This too raises concerns as to whether there exists a live case-or-controversy based on the ripeness of this claim.

"The ripeness doctrine determines whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack*, 580 F.3d at 190 (internal quotation marks omitted). "'[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990) (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). One of the requirements for a claim to be ripe is the existence of adversity of interest between the parties. *Pittsburgh Mack*, 580 F.3d at 190. "[A] potential harm that is 'contingent' on a future event occurring will likely not satisfy this prong of the ripeness test." *Id.* "Though a plaintiff need not suffer a *completed* harm to establish adversity of interest between the parties, to protect against a

---

[4] "If the insurer could recover defense costs, the insured would be required to pay for the insurer's action in protecting itself against the estoppel to deny coverage that would be implied if it undertook the defense without reservation. Accordingly, a declaration that there was no duty to defend will not entitle [an insurer] to recover any costs it has expended." *Terra Nova*, 887 F.2d at 1220 (citations omitted).

feared future event, the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation marks omitted).

Without demonstrating or discussing the probability that any future lawsuit will occur, Access requests that the Court declare that it has no duty to defend or indemnify Carpio in any future lawsuit related to the accident. The potential harm that Access may suffer is not ripe for adjudication because it is not of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

For all of the reasons discussed above, this action will be dismissed.[5]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

O:\ABB 2012\A - K\Access Insurance Co. v. Carpio Memorandum.wpd

---

[5] A court may sua sponte dismiss a case because it declines to exercise jurisdiction over a declaratory judgment action. *See Summy*, 234 F.3d at 136. Likewise, a court may sua sponte dismiss a case on grounds of mootness or ripeness. *See Felmeister v. Office of Attorney Ethics, a Div. of the N.J. Admin. Office of the Courts*, 856 F.2d 529, 535 (3d Cir. 1988) (ripeness); *N.J. Tpk. Auth. v. Jersey Central Power and Light*, 772 F.2d 25, 30 n.10 (3d Cir. 1985) (mootness).





**ACMS Public Access: Case Detail**

```
VENUE: CAMDEN       COURT: LAW CVL      DOCKET #: L  003436 10
CASE TITLE : WAGMAN VS LOPEZ

CASE FILED DATE      : 07 09 2010       CASE TYPE            : 603 AUTO NEG T
CASE STATUS          : CLOSED           CASE INITIATION TYPE : C COMPLAINT
DISPOSITION TYPE     : DISMISSED        DATE DISPOSED        : 03 04 2011
DISCOVERY DATE       :                  ARGUMENT REQST DATE  : 00 00 0000
CASE PARTY COUNT     : 004              JUDGMENT ENTERED     : NO

FIRST ANSWER DATE    :
EXPECTD SERVICE DATE:                   ACTUAL SERVICE DATE :
CONSOLIDATION TYPE   :                  CONSOLIDATION STATUS:
TRANSFER FROM VENUE  :        TO        DATE TRANSFERRED OUT:
LAST PROCEEDING TYPE: MOTION HRG        LAST PROCEEDING DATE: 02 18 2011
PENDING ACTION       :                  PENDING ACTION DATE : 00 00 0000
UNDISTRIBUTED AMOUNT:           0.00    DEMAND AMOUNT        :          0.00
DF ATTORNEY/PRO SE  : NO DF HAS AN ATT  DENOVO INDICATOR     : NO


CMP DISPUTE RESOLUTN: AUTO ARBITRATION  TITLE 59 INDICATOR  : NO
JURY REQUEST        : 6 JURORS          CASE IMPOUNDED       : NO
DATE ENTERED        : 07 09 2010
```

Screen ID:CVM1019 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12



ACMS Public Access: Case Document List



Page: 1

**END OF LIST**



```
VENUE      : CAMDEN          COURT : LAW CVL      DOCKET #: L   003436  10
CASE TITLE : WAGMAN VS LOPEZ
```

| SEL | DATE FILED | | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | | | MUL PTY | DOC STA | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 07 | 09 | 2010 | 001 | COMP JRY | DEMAND | WAGMAN | LIEBLING | & | M | N | | |
| ○ | 01 | 14 | 2011 | 002 | MOTN SUB | SRVICE | WAGMAN | LIEBLING | & | M | N | DN | |
| ○ | 02 | 18 | 2011 | 003 | ORDR SUB | SRVICE | WAGMAN | LIEBLING | & | M | N | DN | |
| ○ | 03 | 04 | 2011 | 004 | CRT INIT | TO DSM | COURT INIT | | | | N | GR | |

Screen ID:CVM1023 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12




**ACMS Public Access: Case Attorney List**



Page: 1

**END OF LIST**

| VENUE : CAM | COURT : LCV | DOCKET # : L 003436 10 |
|---|---|---|
| CASE TITLE : WAGMAN VS LOPEZ | | |

| S | ATTY NUMBER | ATTORNEY NAME | | AT TP | AT ST | SUBST DATE | P T | PARTY NAME | |
|---|---|---|---|---|---|---|---|---|---|
| ○ | 8564241808 | LIEBLING & MALA | L | 21 | R | | PF | WAGMAN | C |
| | | ATTY REQUIRED | | | | | DF | LOPEZ | C |
| | | ATTY REQUIRED | | | | | DF | JOHN DOE 1-5 | |
| | | ATTY REQUIRED | | | | | DF | JANE DOE 1-5 | |

Screen ID:CVM1040 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12



ACMS Public Access: Case Proceeding List



Page: 1

**END OF LIST**

| VENUE : STATEWIDE   COURT : LAW CVL     DOCKET # : CAM L   003436  10 |||||||
| CASE TITLE : WAGMAN VS LOPEZ |||||||
| PROCEEDING TYPE | MOTION DOC/TYPE | MOTION STATUS | SESSION DATE | COURT ROOM | PROCEED TIME | JUDGE ID | PROCEEDING STATUS BY:VIA: |
| --- | --- | --- | --- | --- | --- | --- | --- |
| MOTION HRG | 2 M63 | DENIED | 02 18 11 | 54 | 09 00 | RGM02 | COMPLETED |
| MOTION HRG | 2 M63 |  | 02 04 11 | 54 | 09 00 | RGM02 | RSCHED |

Screen ID:CVM1036 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12

http://njcourts.judiciary.state.nj.us/web1/ACMSPA/entry                                    4/12/2012



**ACMS Public Access: Case Disposition Detail**

Page: 1

**END OF LIST**

| VENUE | : CAMDEN | COURT : LAW CVL | | DOCKET # : L 003436 10 | | | |
|---|---|---|---|---|---|---|---|
| CASE TITLE | : WAGMAN VS LOPEZ | | | | | | |
| SE DISP | : DISMISSED | DISP DATE: 03 04 2011 | | CASE STATUS: CLOSED | | | |

| PTY NO | PARTY NAME | | | PTY TYPE | PTY STATUS | DISP DATE | |
|---|---|---|---|---|---|---|---|
| 001 | WAGMAN | CHANTEL | T | PF | DISM W/O P | 03 04 | 2011 |
| 002 | LOPEZ | CARPIO | M | DF | DISM W/O P | 03 04 | 2011 |
| 003 | JOHN DOE 1-5 | | | DF | DISM W/O P | 03 04 | 2011 |
| 004 | JANE DOE 1-5 | | | DF | DISM W/O P | 03 04 | 2011 |

Screen ID:CVM1001 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12









```
VENUE       : CAMDEN        COURT: LCV           DOCKET # : L  003436 10
CASE TITLE  : WAGMAN VS LOPEZ

CASE TYPE   : AUTO NEGLIGENCE-TORT              # OF MOTIONS:        1
CASE STATUS : CLOSED        03 04 2011          # OF PARTIES:        4
CASE FILED  : 07 09 2010  AGE OF CASE  0  YR  0  MO   OUT-OF-STATE:
JURY        : 6 JURORS
TRACK       : 2           TEAM: 202    DISCOVERY COMPLETED:
DISCOVERY DAYS   : 300                 CDR INDICATOR       : A
DISCOVERY STARTS : 00 00 0000          ESTIMATED TRIAL     :    .00
DISCOVERY ENDS   : 00 00 0000          UNAVAILABLE DATES   :
ANTICIPATED TRIAL: 00 0000
TEAM LEADER      : SNYDER              PRETRIAL JUDGE      : MILLENKY
                                       FEE-SHF-IND         : N
LAST PROCEED: 02 18 2011   MOTION HRG    09:00   COMPLETED
```

Screen ID:CVM1560 **Copyrighted © 2008 - New Jersey Judiciary**
BUILD 2011.1.0.0.12